Citation Nr: 1829599 
Decision Date: 06/28/18 Archive Date: 07/02/18

DOCKET NO. 14-26 082 ) DATE
 )
 )

On appeal from the
Department of Veterans Affairs Regional Office in New Orleans, Louisiana


THE ISSUE

Entitlement to service connection for an acquired psychiatric disorder, to include posttraumatic stress disorder (PTSD). 



REPRESENTATION

Appellant represented by: J. Michael Woods


ATTORNEY FOR THE BOARD

J. Wade, Associate Counsel






INTRODUCTION

The Veteran had active military service from March 1973 to November 1983.

This matter comes before the Board of Veterans' Appeals (Board) on appeal from a July 2010 rating decision by the Department of Veterans Affairs (VA) Regional Office (RO) in New Orleans, Louisiana.

The issue on appeal has been changed to reflect that the Veteran is claiming entitlement to service connection for a psychiatric disorder, regardless of the diagnosis. 

In July 2014, the Veteran requested a hearing to be conducted by a Veterans Law Judge at his local RO. In August 2015, the Veteran withdrew his request for a hearing. 

The appeal is REMANDED to the Agency of Original Jurisdiction (AOJ). VA will notify the appellant if further action is required on his part.


REMAND

The Board sincerely regrets the additional delay, but finds that further development is required prior to final adjudication of the Veteran's claim.

The Veteran asserts that he is entitled to service connection for his PTSD because he suffered an assault by others while he was in the barracks in Germany in 1978. See March 2010 Statement in Support of Claim for PTSD. 

The Veteran has been medically diagnosed with PTSD, and has undergone a PTSD DRRTP program. See July 2015 CAPRI and April 2014 Correspondence. The AOJ has conceded to the Veteran being exposed to a stressful event. See July 2010 Rating Decision. As such, the crux of this case centers on whether the Veteran's current symptoms of PTSD are medically linked to his in-service stressful event. While the Veteran had a VA PTSD examination in July 2010, the examiner did not provide an opinion as to the etiology of the Veteran's PTSD because the examiner opined that the Veteran's symptoms did not fit the criteria for a diagnosis of PTSD. See June 2010 VA examination. 

The Veteran's representative has submitted a July 2017 statement from a private psychologist who diagnosed the Veteran with unspecified depressive disorder and opined that the disorder, more likely than not, began during military service and was also aggravated by service connected tinnitus, a nasal bone deviation to the right, hearing loss, pseudofollicular barbae and mild intermittent right anterior mid-thigh myalgia. The psychologist also opined that the disorder prevented the Veteran from maintaining substantially gainful employment. Significantly, the psychologist did not provide a rationale for why she determined that the Veteran's mental disorder began during active duty nor why it so impaired the Veteran that he was unemployable. There is no indication that the psychologist took into account all of the Veteran's pertinent history. As a result, the probative value of the July 2017 statement. This statement does trigger VA's duty to assist by indicating that there may be a link between a mental disorder and the Veteran's active duty service but the evidence of record is insufficient upon which to act. 

Accordingly, the case is REMANDED for the following action:

1. Obtain any outstanding VA treatment records. All obtained records should be associated with the evidentiary record.

The AOJ must perform all necessary follow-up indicated. If the records are not available, or a negative response is received, the AOJ should make a formal finding of unavailability, advise the Veteran and his representative of the status of his records, and give the Veteran the opportunity to obtain the records on his own.

2. Provide the Veteran an opportunity to submit any outstanding private treatment records relating to his right knee disability. Provide the Veteran with the appropriate authorization for release form(s).

For any outstanding private treatment records identified and authorized by the Veteran, make at least two (2) attempts to obtain such records. All attempts made must be documented in the electronic file, to include the unavailability of any identified records. For any identified records that are not obtained, notify the Veteran and his representative of such and provide him with an opportunity to submit those records directly.

3. After the above development has been completed to the extent possible, and after any records obtained have been associated with the evidentiary record, schedule the Veteran for a VA examination with a suitably qualified health care professional who should determine the nature and etiology of any mental health disorder found on examination or present during the appeal period. The evidentiary record, including a copy of this remand, must be made available to and reviewed by the examiner. The opinion must include a notation that this record review took place. 

After the record review and examination of the Veteran, if deemed necessary by the examiner, the VA examiner is asked to respond to the following inquiries:

A. Is a DSM-V diagnosis of PTSD warranted, based upon the particular stressor which has been verified by the RO which is the personal assault on the Veteran which occurred in the barracks in Germany in 1978? 

B. Is it as likely as not (50 percent or greater probability) PTSD is related to service ?

C. Does the Veteran have any other acquired mental disorder which is present during the appeal period? If so, is it as likely as not (50 percent or greater probability), that the mental disorder or disorders is or are etiologically linked to the Veteran's active duty service or to a service connected disability. Inform the examiner of which conditions service connection is in effect. 

In rendering this opinion, the examiner is advised that the Veteran is competent to report his symptoms and history. Such reports must be acknowledged and considered in formulating any opinion. If the medical professional rejects the Veteran's reports, he or she must provide an explanation for such rejection. 

The term "at least as likely as not" does not mean within the realm of medical possibility, but rather that the medical evidence both for and against a certain conclusion is so evenly divided that it is as medically sound to find in favor of such a conclusion as it is to find against it.

The complete rationale for all opinions should be set forth and a discussion of the facts and medical principles involved would be of considerable assistance to the Board. 

If the medical professional cannot provide an opinion without resorting to mere speculation, he or she shall provide an explanation for why an opinion cannot be rendered. In so doing, the medical professional shall explain whether the inability to provide a more definitive opinion is the result of a need for additional information, or that he or she has exhausted the limits of current medical knowledge in providing an answer to that particular question(s).

4. After the above has been completed to the extent possible, readjudicate the claim. If the benefit sought remains denied, provide the Veteran and his representative with a supplemental statement of the case (SSOC), and return the case to the Board.

The appellant and his representative have the right to submit additional evidence and argument on the matter or matters the Board has remanded. Kutscherousky v. West, 12 Vet. App. 369 (1999).

This claim must be afforded expeditious treatment. The law requires that all claims that are remanded by the Board of Veterans' Appeals or by the United States Court of Appeals for Veterans Claims for additional development or other appropriate action must be handled in an expeditious manner. See 38 U.S.C. §§ 5109B, 7112 (2012).



_________________________________________________
G. A. WASIK
Veterans Law Judge, Board of Veterans' Appeals

Under 38 U.S.C. § 7252 (2012), only a decision of the Board of Veterans' Appeals is appealable to the United States Court of Appeals for Veterans Claims. This remand is in the nature of a preliminary order and does not constitute a decision of the Board on the merits of your appeal. 38 C.F.R. § 20.1100(b) (2017).